# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                        Plaintiff,<br>  vs.<br><br>ARISTEO ORTIZ-SANCHEZ,<br><br>                       Defendants. | CASE NO. 14cr44-LAB-1 and 15cv951-LAB<br><br>**ORDER ON MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |

Aristeo Ortiz-Sanchez entered a plea agreement and pled guilty to illegal reentry after deportation. (Docket no. 15.) In the plea agreement:

- He agreed that he had previously "suffered a felony conviction for Assault with Firearm on a Person, in violation of California Penal Code, Section 245(a)(2)." (*Id.* at 3, 9.)
- The parties agreed that each side was free to argue for a Sentencing Guideline adjustment based on Ortiz's prior conviction. (*Id.* at 7.)
- The Government agreed to seek a sentence reduction under its Fast Track program. (*Id.* at 2, 7).
- Ortiz acknowledged that the Government's recommendation would not be binding on the Court, and that the Court didn't have to follow the parties' sentencing recommendations. (*Id.* at 6–7.)

At the plea hearing, Ortiz again acknowledged that the Court didn't have to follow sentencing recommendations and confirmed that, other than what the Government promised in the written plea agreement, no one had promised him anything to get him to plead guilty. (Docket no. 38 at 7, 10.)

At the sentencing, the Court applied a 16 level Sentencing Guideline enhancement based on Ortiz's felony assault conviction. (Docket no. 31 a 17.) The Court also declined to reduce Ortiz's sentence based on Fast Track. (*Id.* at 19.)

Ortiz has filed a 28 U.S.C. § 2255 motion to vacate/correct his sentence, arguing: (1) his counsel misled him to believe he'd receive a sentence reduction under the Fast Track program and, therefore, he received ineffective assistance of counsel; (2) the Court erroneously applied a 16 level sentence enhancement without a sufficient factual basis; and (3) the Court erroneously concluded that his state conviction was for a crime of violence. (Docket no. 35 at 6.)

**Ineffective Assistance of Counsel**

A petitioner claiming ineffective assistance of counsel must show both (1) deficient performance under an objective standard of reasonableness, and (2) prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To demonstrate deficient performance, "[t]he challenger's burden is to show that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (internal quotation marks omitted). Reviewing courts must apply a "strong presumption" that "counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. To demonstrate prejudice, the petitioner must show that "but for counsel's unprofessional errors," there is a reasonable probability "the result of the proceeding would have been different." *Id.* at 694.

When a defendant challenges counsel's effectiveness during a guilty plea, the relevant inquiry is "whether the plea represents a voluntary and intelligent choice among the

/ / /

/ / /

alternative courses of action open to the defendant." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). A petitioner's conclusory allegations that his counsel misled him are insufficient to warrant habeas relief. *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994).

The premise of Ortiz's ineffective assistance claim is that his counsel misled him into believing that he would get the Fast Track sentence reduction if he signed the plea agreement. (Docket no. 35 at 6.) But, this argument is belied by the plea agreement and by Ortiz's testimony during the Rule 11 hearing. *See United States v. Adamic*, 2006 WL 2507439, at *3 (E.D. Cal. Aug. 28, 2006) ("[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a [plea hearing] is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements."). At that hearing, Ortiz confirmed he understood that the Court need not accept the Government's sentencing recommendations, and that he hadn't been promised anything outside of the plea agreement. His conclusory allegations made months after the fact don't establish deficient performance, and, even if they did, any prejudice was alleviated by the admonitions Ortiz received in the plea agreement and at the plea hearing.

**Factual Basis for 16 Point Sentence Enhancement**

Ortiz argues that there was no factual basis for the 16 level sentence enhancement. (Docket no. 35.) But there was. First, he admitted in the plea agreement that he had a prior felony conviction under Cal. Penal Code § 245(a)(2). (Docket no. 15 at 3.) Second, the Ninth Circuit has ruled that that particular offense is categorically a "crime of violence," warranting a 16 level enhancement. *See* U.S.S.G. § 2L1.2(b)(1)(A)(ii); *United States v. Grajeda*, 581 F.3d 1186, 1189 (9th Cir. 2009); *United States v. Heron-Salinas*, 566 F.3d 898, 899 (9th Cir. 2009); *United States v. Jennen*, 596 F.3d 594, 601 (9th Cir. 2010). Contrary to Ortiz's argument, there was a factual basis for the enhancement.

/ / /

/ / /

/ / /

**Conclusion**

    Ortiz's motion to vacate/correct his sentence (Docket no. 35) is **DENIED**.

**IT IS SO ORDERED**.

DATED: October 6, 2015

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge